SMITH and others v. RUSS, impleaded, etc.

22        439
59 LRA 888n

*Evidence.—Bill of Exceptions—Reversal of Judgment.*

1. In an action for the flowage of land, testimony as to the amount of grass per acre cut on the land of a witness, its relation to that of plaintiff not being shown, *held* irrelevant.
2. Where evidence improperly admitted is of little weight compared with the rest of the proof, which clearly justifies the verdict, a new trial will not be granted.
3. But where, after a new trial is denied, the objectionable evidence is preserved by bill of exceptions, which omits the evidence (if any) showing that the verdict must have been as it was, if the former had been rejected, the judgment must be reversed.

APPEAL from the Circuit Court for *Jefferson* County.

Action for the flowage of land by a mill-dam. Verdict for plaintiff; new trial denied; and defendant appeals from a judgment on the verdict.

---

Smith and others vs. Russ, impleaded, etc.

---

*Cary & Pratt*, for appellant.
*Levi Hubbell*, for respondent.

DIXON, C. J.   The other exceptions might perhaps be overruled, but there is one on which I think the judgment must be reversed, and a new trial had.   It is with the great-est reluctance that I have come to this conclusion.   Know-ing the history of this litigation, the length of time it has been pending, the number of trials had, and the great expense attending each trial; and knowing also the diffi-culty which the ablest and most vigilant counsel frequently experience, in sharply contested cases, in preventing irrele-vant or improper testimony from creeping in, I have felt that after the last full and elaborate trial, the judgment should, if possible, be affirmed, and the controversy termin-ated.   I regret that it cannot be so, consistently with what I conceive to be correct principles of law applicable to the case.   The exception to which I refer, is that to the admis-sion of testimony by the witness Stratton, who, against the objection of the defendants, was permitted to testify to the quantity of grass per acre cut upon his (witness') land, "on Fox river, near Putnam's land," in the years 1850, 1851, 1852 and 1853.   He was in like manner permitted to give evidence of what one Wilkins, to whom he (the witness) had let a portion of the same land, had said about the quantity of grass cut by Wilkins on the land.   This testi-mony was in part hearsay, and wholly irrelevant.   There is nothing in the record to show the nature and situation of Stratton's land, whether it was near to or remote from the lands of the plaintiffs, or more or less valuable as grass land, or whether it was so situated upon the river as that it was likely to be injured in the same manner or to the like extent as the lands of the plaintiffs by the back-water from the de-fendant's dam.   Without these or some such facts being

shown, it is obvious that the testimony was totally irrelevant, and that it tended, or may have tended, seriously to mislead the jury on the main question of damages involved in the case.

Now the rule, and, as I think, the correct rule, in regard to the granting or refusing of a new trial for the admission of irrelevant or improper evidence, is this: Where the exceptionable evidence is of little weight compared with the rest of the proof, and the latter clearly justifies the finding of the jury, a new trial will not be granted; but it must in all cases appear very satisfactorily that the verdict must and ought to have been the same whether the questionable evidence was admitted or not. *Ellis v. Short*, 21 Pick., 142; *Thompson v. Lathrop*, id., 336. In this case the other evidence is not preserved, so that we cannot say what the verdict must or ought to have been without the testimony which was improperly admitted.

I think, therefore, that the judgment must be reversed, and a *venire de novo* awarded.

*By the Court.*—Ordered accordingly.